HON. CODY B. BARTLETT Director of Administration Office of Court Administration Fourth Judicial Department
This is in response to your letter wherein you refer to Civil Practice Law and Rules, § 8013(c) and Uniform City Court Act, § 1911(b), and ask whether or not a city court enforcement officer would be entitled to reimbursement for use of his own automobile, legal counsel, secretarial and accounting assistance, as well as stationery, office supplies, postage stamps, desks, cabinets, office space, typewriters, adding machines, telephones, etc.
Uniform City Court Act, § 1911(b), provides:
 "(b) Fees of enforcement officer. There shall be paid to the enforcement officer by the party requiring his services, the same fees to which a sheriff would be entitled for like services in supreme court."
Civil Practice Law and Rules, § 8011, prescribes fixed fees for sheriffs for certain designated services.
Civil Practice Law and Rules, § 8012, provides for mileage fees, poundage fees and additional compensation for sheriffs.
Civil Practice Law and Rules, § 8013(c), provides:
 "(c) Other expenses. A sheriff is entitled to reimbursement of all expenses necessarily incurred in the execution of any mandate and in the protection, presentation, transportation or sale of property."
We interpret and conclude that Uniform City Court Act, § 1911(b), when read in conjunction with Civil Practice Law and Rules, §§ 8011,8012 and 8013(c), entitles a city court enforcement officer for his services the monetary remunerations for fixed fees of a sheriff contained in Civil Practice Law and Rules, § 8011, the mileage fees, poundage fees and additional compensation as provided for in Civil Practice Law and Rules, § 8012, but that his entitlement for any other expenses under Civil Practice Law and Rules, § 8013(c), is limited to the expenses necessarily incurred in the "execution of any mandate and in theprotection, presentation, transportation or sale of property." (Emphasis supplied.)
We interpret the above-quoted language to be limited to each authorized specific transaction. There is no authority contained therein for apportioning the overall cost of general overhead such as legal counsel, secretarial and accounting assistance or office furniture and equipment to each specified transaction.